UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
MARK VALICH,

                Plaintiff,                <u>ORDER</u>
                                                      1:21-CV-10123-GRJ
     v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

     Pending before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b). (Docket No. 22.)  Plaintiff has also filed an affirmation of Charles E. Binder and a memorandum of law in support of the motion. (Docket Nos. 23 & 24).  The Commissioner has filed a response to the motion, Docket No. 25, and therefore the motion is ripe for review.

     For the reasons discussed below Plaintiff's motion is due to be granted.

## DISCUSSION

On March 27, 2023, this Court reversed and remanded this case to the Commissioner under Sentence 4 of 42 U.S.C. § 405(g) with directions that the Commissioner enter an award in favor of Plaintiff and calculate the benefits owed. (Docket No. 18.) In an October 15, 2023, Notice of Award, the Social Security Administration (the "SSA") advised that Plaintiff was due benefits in the amount of $149,491.00 and that SSA had withheld $37,372.75 from Plaintiff's past due benefits.

An attorney, as here, who successfully represents a Social Security claimant in court may be awarded as part of the judgment "a reasonable fee ... not in excess of 25 percent of the ... past-due benefits" awarded to the claimant.[1] The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits."[2]

Counsel for Plaintiff advises the Court he is requesting a net award of $37,372.75 for § 406(b)(1) fees based on a contingency fee agreement between Plaintiff and Charles E. Binder, Plaintiff's counsel.

---

[1] 42 U.S.C. § 406(b)(1)(A).

[2] *Id.*

As required by *Gisbrecht v. Barnhardt*,[3] courts should approach contingent-fee determinations by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness. "A contingent-fee agreement is not *per se* reasonable. Deference should be given, however, to the 'freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate ... and of an attorney's willingness to take the case despite the risk of nonpayment.'" *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (citing *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). As such, when a court is called upon to assess the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits cases. *Gisbrecht*, 535 U.S. at 805.

In making this reasonableness determination, the *Gisbrecht* court highlighted several important factors including: (1) whether the requested fee is out of line with the "character of the representation and the results

---

[3] 535 U.S. 789, 808 (2002).

the representation achieved"; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* at 808.

The Second Circuit has identified three factors to be considered when assessing reasonableness and whether to approve the full amount requested under a contingency fee arrangement: (1) whether the amount requested exceeds the statutory twenty-five percent cap; (2) whether there was fraud or overreaching in the making of the agreement; and (3) whether the requested amount is so large as to be a windfall to the attorney. *Wells*, 907 F.2d at 372.

Applying the first two factors here, the October 15, 2023, Notice of Award provides that the Commissioner is withholding $37,372.75 from Plaintiff's past due benefits. (Docket No. 24, ¶10.) Plaintiff's counsel correspondingly requests $37,372.75 under Section 406(b), which is not greater than 25% of Plaintiff's past due benefits and is in line with the contingency-fee agreement between Plaintiff and Plaintiff's counsel.

4

(Docket No. 24, ¶2.) The Commissioner does not suggest there is any evidence of fraud or overreaching here, and the Court is not aware of any.

Turning to the third factor, the Second Circuit recently clarified that a court should consider four factors in determining whether a requested Section 406(b) fee constitutes a windfall. *See Fields v. Kijakazi,* 24 F.4th 845 (2d Cir. 2022). First, a court should consider the ability and expertise of the lawyers and whether they were particularly efficient, i.e., accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take longer to do. *Id.* at 854. Second, a court should consider the nature and length of the professional relationship with the claimant, including any representation at the agency level. *Id*. at 855. Consideration of the time spent and work performed at the agency level can inform a court of "'the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court.'" Id. (*citing Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005)). Third, a court should consider the satisfaction of the disabled claimant. *Id.* Fourth, a court should consider how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result. *Id.*

Here, the two attorneys, who worked on the case expended 32.80 hours for services at the district court level. (Docket No. 24.) Although this amounts to a de facto hourly rate in excess of $1,100.00 an hour ($37,372.75 divided by 32.80 hours), the task of this Court is not to determine an appropriate hourly rate for a lodestar but is to ensure that the fee is not a windfall. Indeed, *Gisbrecht* precludes this Court from relying exclusively on the lodestar method. *Jeter v. Astrue*, 622 F.3d 371, 380 (5th Cir. 2010). A windfall instead connotes that counsel is receiving compensation to which he is not entitled and that payment of the compensation would be unfair or detrimental to the claimant.

There is no challenge to the character of Plaintiff's Counsel's representation, and no deficiency is apparent from the record. Plaintiff's Counsel was diligent in prosecuting this appeal, filed comprehensive briefing on complex issues, and achieved a reversal that resulted in an award of significant past due benefits to Plaintiff. Plaintiff's Counsel employed his substantial experience in Social Security cases while accepting the risk that he would not eventually be compensated for the hours expended on this case. That risk is considered in light of the risk inherent in contingency cases generally and in Social Security appeals

arising from the denial of benefits, such as this. Although Plaintiff's Counsel's de facto hourly rate is above the market rate for non-contingency Social Security cases, other courts in this district have approved fee awards for claimant's counsel that result in equivalent or greater hourly rates.[4]

Finally, this Court previously awarded $7,500.00 in attorney's fees under the EAJA, Docket No. 21. When an attorney receives fees under both the Equal Access to Justice Act, 28 U.S.C. § 2412, and 42 U.S.C. § 406(b), the attorney must refund the smaller amount to the client. *See, Gisbrecht,* 535 U.S. at 796.

Therefore, having considered the character of Plaintiff's Counsel's representation, the award that was obtained, and the requested fees, the Court concludes that approval of the requested fees is reasonable and would not result in a windfall to Plaintiff's counsel.

---

[4] *See, e.g.*, *Valle v. Colvin*, No. 13-cv-2876, 2019 WL2118841, at *3-4 (S.D.N.Y. May 15, 2019) (approving de facto hourly rate of $1,079.72); *Nieves v. Colvin*, No. 13-cv-1439, 2017 WL 6596613, at *2 (S.D.N.Y. Dec. 26, 2017) ($1,009.11); *Torres v. Colvin*, No. 11-cv-5309, 2014 WL 909765, at *4 (S.D.N.Y. Mar. 6, 2014) ("[A] substantial body of caselaw has awarded rates that approach, if they do not exceed, $1,000.00.").

Accordingly, for these reasons, Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b), Docket No. 22, is **GRANTED** and § 406(b)(1) fees for Plaintiff's Counsel are approved in the sum of $37,372.75 to be paid out of the Plaintiff's past-due benefits currently being withheld by the Social Security Administration. Upon receipt of this sum, Plaintiff's counsel must refund to refund to Plaintiff the $7,500.00 previously received as fees under the Equal Access to Justice Act.

Dated: October 31, 2023              *s/ Gary R. Jones*
                                     GARY R. JONES
                                     United States Magistrate Judge